NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DOREEN ERNANDEZ,

                    Plaintiff,

          v.

MERRILL LYNCH,

                    Defendant.

Civil Action No. 10-5614 (SRC)

**OPINION**

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant Merrill Lynch, Pierce, Fenner & Smith Inc.'s ("Merrill Lynch") motion to dismiss the Complaint or in the alternative for summary judgment [docket entry no. 9]. Plaintiff has opposed the motion. The Court will rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

      *Pro se* Plaintiff Doreen Ernandez ("Plaintiff" or "Ernandez") filed her Complaint [docket entry no. 1] on October 28, 2010 alleging employment discrimination in violation of Title VII. The following factual summary is taken from the Complaint and its attachments. In February 2001 Plaintiff was employed by Merrill Lynch as a Financial Advisor. She was terminated in July of 2002. Plaintiff claims that she was discharged due to her race. With regard to this incident, Plaintiff waited until July 22, 2010 to file a discrimination charge with the EEOC.

The Supreme Court has held that a complaint filed by a *pro se* plaintiff must be construed liberally and to a less stringent standard than those pleadings filed by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). A *pro se* litigant's complaint is, nevertheless, subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court. *Erickson*, 551 U.S. at 93-94. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing a lawsuit, a plaintiff must exhaust his administrative remedies by filing a timely discrimination charge with the EEOC. *Id.* §§ 2000e-5 (b), (e)(1), (f)(1). This charge must be filed within 300 days of the alleged unlawful employment practice *Balis v. Realtyline*, 2009 WL 799277, *3 (D.N.J. Mar. 25, 2009). In waiting approximately eight years to file her charge with the EEOC, Plaintiff clearly did not act within the requisite time frame. Failure to comply with the statute of limitations will result in dismissal for failure to state a claim upon which relief can be granted. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).

Plaintiff's claims are not viable, and Defendant's motion to dismiss pursuant to Rule

12(b)(6) will be granted.  The Complaint will be dismissed with prejudice in its entirety.  The court need not dismiss without prejudice and with leave to amend if amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir.2002).  The deficiencies identified in the Court's discussion above could not be cured by amendment, and thus dismissal with prejudice is appropriate.  An appropriate form of Order will accompany this Opinion.

                                                             s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER
                                                    United States District Judge

DATED: July 25 2011